UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Rachael Mancillas,<br><br>    Plaintiff,<br><br>    v.<br><br>American Homes For Rent,<br><br>    Defendant. | Case No. 2:24-cv-00146-ART-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed *in forma* pauperis ("IFP") and Complaint. ECF Nos. 1, 1-1.

I.   **Application to Proceed *in forma pauperis***

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court screens Plaintiff's Complaint.

II.   **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint

with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

        A.        <u>Plaintiff Fails to Plead Facts Establishing Subject Matter Jurisdiction.</u>

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A court may raise the question of subject-matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3). As the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

Here, Plaintiff's Complaint indicates that the Court has subject matter jurisdiction over this matter because the parties have diversity of citizenship, but both parties have Nevada addresses; therefore, there appears to be no diversity in this case. To the extent Plaintiff seeks to state a claim under a federal statute, the Complaint is silent. For this reason the Court finds Plaintiff fails to establish subject matter jurisdiction.

B.     **Plaintiff Fails to Satisfy Federal Rule of Civil Procedure 8.**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to be plead with sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). Plaintiff's Complaint fails to identify a cause of action and the Court cannot discern what claim or claims it is Plaintiff seeks to assert. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief). The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). The Court finds Plaintiff fails to comply with Federal Rule of Civil Procedure 8.

## III.    Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice with leave to amend.

IT IS FURTHER ORDERED that Plaintiff is given one (1) opportunity to amend her Complaint to state causes of action over which the Court has jurisdiction against the named or additional defendants. If Plaintiff so chooses, she must file her amended complaint no later than **February 29, 2024**.

IT IS FURTHER ORDERED that failure to comply with this Order on or before **February 29, 2024**, will result in a recommendation to dismiss this action **without prejudice**. A dismissal without prejudice allows Plaintiff to file her case with the Court, under a new case number, when

she is able to comply with LSR 1-1 and file a complete application to proceed *in forma pauperis* or pay the required filing fee.

DATED this 24th day of January, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE